**Wayne F. MANDERS, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,
Respondent.**

No. 01–3159.

United States Court of Appeals,
Federal Circuit.

Oct. 9, 2001.

Before NEWMAN, BRYSON, and
DYK, Circuit Judges.

## DECISION

PER CURIAM.

Wayne F. Manders appeals from the decision of the Merit Systems Protection Board sustaining his removal from employment with the United States Postal Service. Because Mr. Manders has not shown that the Board's decision is in error, we *affirm.*

## BACKGROUND

Mr. Manders was employed by the Postal Service as a building equipment mechanic in Minneapolis, Minnesota. He was absent from work from February 16, 1999, until his removal on September 16, 1999. On March 11, 1999, the Postal Service requested medical information explaining his continued absence from work. In that notice, the Postal Service warned that failure to submit acceptable evidence would result in a charge of absence without official leave ("AWOL") and would subject him to disciplinary action including possible removal. In response, Mr. Manders provided a medical document, dated March 17, 1999, stating that he was unable to work "until seen by his psychiatrist." That excuse conflicted with the results of "fitness-for-duty" examinations conducted by an occupational physician and psychologist, who concluded that Mr. Manders was fit for duty and that there was no medical basis for his absence. In response to the Postal Service's further requests for medical information, Mr. Manders submitted a May 19, 1999, document stating that "Wayne Anderson" had "depression" and "severe anxiety" because of a "perceived hostile workplace environment" and was advised not to work afternoons. On May 27, 1999, the Postal Service rejected that documentation as unsatisfactory, stating that the letter did not have Mr. Manders' name on it, and explaining that the basis for the perceived hostile work environment no longer existed, as the two individuals identified by Mr. Manders as primarily responsible for the hostile work environment were no longer employed at that facility. The Postal Service's letter instructed Mr. Manders either to provide additional medical documentation or to return to work immediately, again warning that his failure to do so might result in his

removal. Mr. Manders did not return to work in response to that letter.

On August 11, 1999, the Postal Service issued a notice of proposed removal, charging Mr. Manders with being AWOL from May 29, 1999, to August 11, 1999. After reviewing Mr. Manders' response, the Postal Service issued a letter of decision dated September 16, 1999, removing him from the Postal Service.

Mr. Manders appealed to the Board and received a hearing before an administrative judge. Following the hearing, the administrative judge upheld the Postal Service's removal decision. Mr. Manders then petitioned for review by the full Board, which denied his petition. Mr. Manders has now petitioned for review by this court.

## DISCUSSION

On appeal, Mr. Manders challenges the factual underpinnings of the Board's decision by arguing that the administrative judge failed to consider the entire documentary record. The administrative judge's opinion, however, addresses the record evidence in detail, and the evidence before the administrative judge, summarized above, was amply sufficient to support the Board's conclusion that Mr. Manders had been unjustifiably absent without leave for more than two months.

Mr. Manders also argues that the Board failed to consider the seriousness of the removal penalty and the attendant loss of income and benefits that he suffered. It is well established, however, that penalty decisions are within the broad discretion of the employing agency and that this court will not disturb a penalty unless it exceeds the range of permissible punishment or is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *See Gonzales v. Defense Logistics Agency,* 772 F.2d 887, 889 (Fed.Cir.1985).

Absence without leave for more than two months is a serious offense. Unauthorized absence from duty by its very nature disrupts the efficiency of the employing agency. The record shows that it was necessary for the Postal Service to change the schedules of other employees and pay overtime in order to cover Mr. Manders' lengthy unauthorized absence from work. Moreover, on at least two occasions, the Postal Service provided Mr. Manders with written notice that he was subject to removal based on his continued absence from work. In light of the adverse impact on postal operations and the clear notice provided regarding the consequences of his absence, we uphold the Board's ruling sustaining the Postal Service's decision to remove Mr. Manders.